UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CRIMINAL ACTION NO. 06-03

UNITED STATES OF AMERICA,                                    PLAINTIFF

v.                                 **OPINION AND ORDER**

TEDDY RAY MANNS,                                             DEFENDANT

* * * * * * * * *

This matter is before the Court on Defendant's Motion in Limine. [R. 108]. Specifically, Defendant seeks to preclude testimony that he offered money to an inmate in the Pike County jail if the inmate would "knock off" two material witnesses in this case. Having read briefs and considered arguments of the parties, the Motion is hereby DENIED.

The Sixth Circuit has held that threats made against government witnesses or testifying co-defendants constitute spoliation, which is probative of consciousness of guilt. *U.S. v. Maddox*, 944 F.2d 1223 (6th Cir. 1993); *see also United States v. Copeland*, 321 F.3d 582 (6th Cir. 2003). Moreover, because spoliation evidence tends to show consciousness of guilt without any reference to the character of the spoliator, its admission doesn't violate F.R.E. 404(b). *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986); *see also United States v. Copeland* at 598.

Having determined that the spoliation evidence is probative of consciousness of guilt, the Court must determine whether the probative value of the evidence is outweighed by its prejudicial effect. Here, there is nothing to suggest that any prejudice is unfair. While the statement may indeed by inculpatory, the nature of the evidence is not unfair.

*See United States v. Buford*, 106 Fed.Appx. 400 (6th Cir. 2004) (quoting *United States v. Tabaja*, 91 Fed.Appx. 405, 411 (6th Cir. 2004)).  At the request of the Defendant, the Court would be inclined to instruct the jury as to the proper consideration of such evidence.

Dated this 25th day of October, 2006.

**Signed By:**

**_Karen K. Caldwell_** *KKC*

**United States District Judge**