UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:06-03-KKC

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                     **OPINION AND ORDER**

TEDDY RAY MANNS                                                              DEFENDANT

* * * * * * * * * * * * * *

This matter is before the Court on a *pro se* motion (DE 273) by Defendant Teddy Ray Manns ("Manns") to reschedule his fine payments. In 2007, a jury found Manns guilty of 13 counts relating to the distribution of marijuana and oxycontin. By judgment (DE 156) dated March 27, 2007, the Court sentenced the defendant to a total prison term of 276 months, which was later reduce to 240 months pursuant to Amendment 782 to the United States Sentencing Guidelines.

In the original judgment, the Court also imposed a fine of $250,000 and an assessment of $1,300 and ordered that the total amount of $251,300 was due immediately. The Court further ordered as follows:

> Any outstanding balance owed upon commencement of
> incarceration shall be paid in minimum quarterly installments of
> $25 unless the defendant is employed by Federal Prison Industries,
> in which case the defendant's quarterly installments shall be no
> less than $60.

The Court later amended the judgment to correct clerical mistakes (DE 170, 171). However, the prison term and monetary penalties remained the same.

With his current motion, Manns argues that the Court impermissibly delegated to the

Bureau of Prisons its authority to impose a fine. This is because the judgment stated that, if Manns were employed by the Federal Prison Industries, his quarterly payments towards any outstanding balance on his fine should be set at "no less than $60," but does not set a particular payment amount. Manns requests that the Court amend the judgment to set a payment schedule for the fine.

The most recent amended judgment imposing the fine was entered on May 29, 2007. Manns did not file this motion until more than 12 years later. The Court is aware of no authority that would allow it to amend the fine at this late date under the circumstances presented here. 18 U.S.C. § 3572(c) recognizes that a fine can be modified pursuant to three provisions: 1) 18 U.S.C. § 3573, 2) Federal Rule of Criminal Procedure 35, and 3) 18 U.S.C. § 3742.

The first of those provisions – 18 U.S.C. § 3573 – requires a motion by the government to modify the fine. The second provision – Rule 35 – permits the Court to correct a sentence also only on the government's motion or to correct a "clear error" in the sentence within 14 days of sentencing. Fed. R. Crim. P. 35(a), (b). And finally, 18 U.S.C. § 3742 applies only where the defendant asks the Court of Appeals to review his sentence. In his motion, Manns relies on the Third Circuit's opinion in *United States v. Corley*, 500 F.3d 210 (3d Cir. 2007), *overruled on other grounds*, 556 U.S. 303 (2009). However, the defendant challenged his fine on direct appeal as permitted by § 3742. Manns has appealed his sentence and conviction, but he did not raise the issue of the fine on appeal.

18 U.S.C. § 3572(d)(3) provides that, where a judgment for a fine permits payments in installments and the defendant notifies the court of any "material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine," then the court

may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." Assuming this statute applies, Manns does not assert any material change in his economic circumstances since the time of sentencing that may affect his ability to pay the fine.

Manns complains that the BOP is deducting payments from his trust fund account on a monthly basis instead of quarterly and that the monthly amounts range from $77.43 to $565.00. To the extent that he objects to the way the BOP is deducting payments from his account to pay the fine imposed by the Court, then he should exhaust the grievance procedures provided by the BOP. If he does not obtain the relief he requests, he could then file a petition under 28 U.S.C. § 2241 in the court in the district in which he is incarcerated, not in the court in which he was sentenced. *See United States v. Wynn*, 328 F. App'x 826, 829 (3d Cir. 2009); *United States v. Elam*, No. CR 109-073, 2014 WL 12709761, at *1 (S.D. Ga. Aug. 29, 2014).

For all these reasons, the Court hereby ORDERS that Manns' motion to reschedule his fine payments (DE 273) is DENIED.

Dated April 6, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY