UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | CRIMINAL NO. 7:06-03-KKC |
| V. | **OPINION AND ORDER** |
| TEDDY RAY MANNS, Defendant. | |

*** *** ***

Defendant Teddy Ray Manns moved the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 275). The Court denied that motion by prior order (DE 280, Order.) Manns has now filed a letter (DE 282) in which he appears to present additional information regarding his motion for compassionate release. The Court has construed the letter as a motion to reconsider the Court's prior denial.

By verdict dated November 8, 2006, a jury found Manns guilty of 13 counts related to the distribution of oxycodone and marijuana (DE 130). By judgment dated March 27, 2007, the Court sentenced Mann to 276 months in prison (DE 156). Later, by order dated May 20, 2015 (DE 261), the Court reduced Mann's sentence to 240 months in accordance with Amendment 782 to the United States Sentencing Guidelines. He is incarcerated at the Federal Medical Center in Lexington. His projected release date is February 12, 2023.

Manns moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states that he has various health

conditions including an enlarged prostate and an infection of the blood. In his most recent letter to the Court, he mentions the number of inmates infected with COVID-19 at FMC-Lexington,

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. The government concedes that Manns has satisfied one of these two conditions. Accordingly, the Court has authority to consider his request for compassionate release.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*.

The Court does not find that any of the health conditions mentioned by Manns in his motion or his letter constitute extraordinary and compelling circumstances warranting a sentence reduction. As to the presence of COVID-19 at the prison, the Court will assume that the presence of the disease in a prison setting presents extraordinary and compelling circumstances that would warrant a sentence reduction. The Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

3

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Mann's sentencing hearing. (DE 1726, Sentencing Tr.) This Court has reconsidered them for this motion. Manns was convicted of multiple serious drug offenses, involving the distribution of a large quantity of marijuana oxycodone in this state. The Court determined he was a leader or organizer of the drug-trafficking conspiracy. His presentence report reveals an extensive prior criminal history. The Court commends Mann for the measures he has taken to improve himself while in prison including enrolling in educational courses and skills training and, importantly, courses aimed at helping him make changes in his lifestyle that led to the sentence he now faces. Nevertheless, considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Mann's sentencing, it is not appropriate to order Mann's release at this time.

Accordingly, the Court **HEREBY ORDERS** that Mann's motion for reconsideration (DE 282) is **DENIED**.

Dated December 14, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY